IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

DAVID ANDERSON,                    )          No. CV 03-958-PHX-DGC (CRP)
                                   )
     Petitioner,              )          **REPORT**
                                   )          **AND**
vs.                                )          **RECOMMENDATION**
                                   )
                                   )
AL HENTON, et. al.,                )
                                   )
     Respondents.             )
                                   )
_____      )

     Respondents have filed a Motion for Summary Judgment (Dkt 45) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

     This case was referred to Magistrate Judge Charles R. Pyle for further proceedings and a report and recommendation on August 18, 2003.  (Dkt 9).  Respondents filed the Motion for Summary Judgment (Dkt 45) and a Memorandum in Support of the Motion (Dkt 46) on February 20, 2007.  The Petitioner, on April 9, 2007, filed a Response in Opposition to Respondents' Motion  (Dkt 48).  On May 9, 2007, Magistrate Judge Pyle heard oral argument on the Motion.

     For the reasons which follow, Magistrate Judge Pyle recommends that the District Court, after its independent review, DISMISS Petitioner's Habeas Corpus Petition for failure to exhaust tribal court remedies or in the alternative GRANT Respondents' Motion for Summary Judgment because the District Court lacks subject matter jurisdiction.

**PROCEDURAL BACKGROUND**

Petitioner, David Anderson, filed a Habeas Corpus Petition in Arizona District Court on May 22, 2003, appealing his sentence and conviction of three criminal counts in Gila River Indian Community Court. (Dkt 1). In his Amended Habeas Corpus Petition, Petitioner alleges only one ground for relief. (Dkt 8). He argues his trial and sentencing judge, Judge Pro Tempore Charlene Jackson-Lewis, did not have the authority to sentence him because she was in her third six-month term of appointment, allegedly in violation of Gila River Indian Community Ordinance GR-01-97. (Dkt 8). The Gila River Indian Community ordinance at issue explicitly states that a judge pro tempore may be re-appointed to a second term but it is silent as to whether a judge pro tempore may be re-appointed to a third term. (Dkt 46, Exhibit 7).

Respondents filed a Motion for Summary Judgment on February 20, 2007 alleging: first, Petitioner waived his right to a habeas corpus appeal by contesting commutation; second, the District Court lacks subject matter jurisdiction because the only issue in this case is a matter of Gila River Indian Community law; and finally, Petitioner failed to exhaust tribal court remedies before filing his Habeas Corpus Petition. Petitioner filed a Response in Opposition to the Motion for Summary Judgment alleging: first, he has not waived his habeas corpus right because he is contesting his conviction as well as his sentence; second, his claim does arise from federal law; and finally, he should not have to exhaust his tribal court remedies because such remedies, due to excessive delay, are futile.

**STATEMENT OF THE FACTS**

Petitioner, David Anderson, was charged by criminal complaint in Gila River Indian Community Court Cause No. CR-2002-66 on January 28, 2002, with seven violations of the Gila River Indian Community penal law. (Dkt 46, Exhibit 1). Judge Pro Tempore Jackson-Lewis presided over Petitioner's jury trial for those charges. (Dkt 46, Exhibit 2). During the trial, Judge Pro Tempore Jackson-Lewis was in her second six-month term as a judge pro tempore for the Gila River Indian Community (Dkt 46, Exhibit 8.d-f). On February 26, 2003, Petitioner was convicted on three of the seven charges, while Judge Pro Tempore

1   Jackson-Lewis still presided in her second term of appointment. (Dkt 46, Exhibits 2, 8.d-f).

2   On March 19, 2003, after appointment for a third term, Judge Pro Tempore Jackson-Lewis

3   sentenced Petitioner to 180 days in custody with credit for time served followed by 185 days

4   of probation. (Dkt 46, Exhibits 8.f-g, 3).

5   Petitioner filed an appeal with the Gila River Indian Community Court of Appeals

6   arguing a denial of due process, denial of legal counsel, denial of right to testify on own

7   behalf, and an unlawful judge presiding at trial. (Dkt 8). This appeal is still pending before

8   the Gila River Indian Community Court of Appeals. (Dkt 46, Exhibit 9).

9   At this point, Petitioner has served one hundred sixty six (166) days of his one

10   hundred eighty (180) day sentence. (Dkt 46, Exhibit 4). Petitioner, thus, has fourteen (14)

11   days remaining to serve on his sentence. On July 31, 2006, the Gila River Indian Community

12   moved to commute the remaining fourteen (14) days on Petitioner's sentence. (Dkt 46,

13   Exhibit 5). Petitioner objected to this decision of the Gila River Indian Community, filing

14   a Response to Motion for Commutation of Sentence. (Dkt 46, Exhibit 6). Petitioner's

15   sentence has not been commuted.

16   **DISCUSSION**

17   <u>Standard of Review</u>

18   Rule 56(c) of the Federal Rules of Civil Procedure provides that a court may grant

19   summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions

20   on file, together with the affidavits, if any, show that there is no genuine issue as to any

21   material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

22   Civ. P. 56(c). The initial burden in a summary judgment motion rests on the moving party

23   to point out the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

24   U.S. 317, 323 (1986). Once satisfied, however, the burden shifts to the non-moving party

25   to come forward with "'specific facts showing that there is a genuine issue for trial.'"

26   *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ.

27   P. 56(e)). To withstand a motion for summary judgment, the opposing party may not rest on

28   mere allegations or denials in his pleading. Fed. R. Civ. P. 56(e).

Respondents' Position

Respondents assert three arguments in favor of summary judgment. First, Respondents argue Petitioner waived his right to the habeas corpus claim when he opposed the Gila River Indian Community's motion for commutation of the Petitioner's remaining sentence, which is fourteen (14) days. Second, Respondents contend that the District Court lacks subject matter jurisdiction because Petitioner does not state a claim arising from federal law. Petitioner appeals only the legality of Judge Pro Tempore Jackson-Lewis's judicial authority. Finally, Respondents argue Petitioner has failed to exhaust his tribal court remedies since Petitioner's tribal appeal is still pending in the Gila River Indian Community Court of Appeals.

Petitioner's Position

Petitioner objects to all three of the Respondents' arguments. First, Petitioner contends that he has not waived his right to a habeas corpus appeal by objecting to commutation because commutation would only address the remaining time to serve on his sentence and not his conviction. Petitioner is appealing both his sentence *and* conviction. Second, Petitioner argues this matter does arise from federal law and that the cases Respondents cite on this point are unpublished or inapplicable. Finally, Petitioner asserts that while he has not exhausted his tribal court remedies, his appeal has been pending for over three years in the Gila River Indian Community Court of Appeals and due to the excessive delay in adjudication the tribal court remedies are futile at this point.

Analysis

1.  Waiver

In the case before this Court, Respondents and Petitioner both agree that individuals can waive legal rights through actions they take and if waiver occurs an issue in a case may become moot. In this case, Petitioner did object to a commutation request of Respondents that would have negated the remaining fourteen (14) days of Petitioner's sentence. Respondents' argue that Petitioner's objection to the commutation request of Respondents equates to Petitioner waiving his right to relief from the remaining fourteen (14) days of his

1    sentence.  If Petitioner waived his right to relief from the sentence, it follows that Petitioner's
2    complaint regarding his sentence may be moot.  As Petitioner points out, however, he is
3    contesting his conviction as well as his sentence.    The commutation requested by
4    Respondents would have resolved only Petitioner's claim for relief from his sentence not the
5    conviction.  Furthermore, Petitioner's sentence has not yet been commuted and as such,
6    Petitioner's request for relief from his sentence is not moot.  It is Magistrate Judge Pyle's
7    recommendation that Respondents are not entitled to a grant of summary judgment on the
8    mootness argument because Petitioner's claims for relief from his sentence and conviction
9    are not moot.

10    The final two arguments on the Motion for Summary Judgment are addressed in this
11    Report and Recommendation in reverse order.  Logically, a discussion of whether Petitioner
12    exhausted his tribal court remedies, a procedural matter, should precede a discussion of
13    whether the Court has subject matter jurisdiction.

14    2.  Exhaustion of tribal court remedies

15    Federal habeas corpus petitioners are required to exhaust state court remedies before
16    seeking redress in federal courts.  28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement
17    is not satisfied if petitioner has an appeal of a state criminal conviction still pending in state
18    court. *Sherwood v. Tomkins*, 716 f.2d 632, 634 (9th Cir. 1983).  If, however, "there is either
19    an absence of available State corrective process or the existence of circumstances rendering
20    such process ineffective to protect the rights of the prisoner," exhaustion is not required.  28
21    U.S.C. § 2254(b)(1)(B).  Excessive delay in the appellate process may render a state
22    corrective process ineffective and thus waive the requirement for exhaustion of remedies at
23    the state level.  *Coe v. Thurman*, 922 F.2d 528, 530-531 (9th Cir. 1990).

24    In *Coe*, the petitioner's state appeal was delayed at the state court of appeals for over
25    three years.  *Coe*, 922 F.2d at 529.  Petitioner eventually filed a habeas corpus petition in
26    district court specifically arguing a due process violation as a result of the delay.  The district
27    court denied the petitioner's habeas corpus petition because petitioner failed to exhaust his
28    state court remedies.  *Coe*, 922 F.2d at 530.  On appeal to the Ninth Circuit, the petitioner

1    was excused from his failure to exhaust state court remedies because the excessive delay
2    made the state court remedies ineffective.  *Coe*, 922 F.2d at 530.

3        Addressing the issue of excessive delay for the first time and following the path of the
4    Second Circuit, the Ninth Circuit said "when petitioners' federal habeas claims concern
5    delay, to send them back to the state courts on an exhaustion rationale is a risible solution."
6    *Coe*, 922 F.2d at 530.  The Ninth Circuit held that "since excessive delay in obtaining an
7    appeal may constitute a due process violation, a prisoner need not fully exhaust his state
8    remedies if the root of his complaint is his inability to do so."  *Coe*, 922 F.2d at 530-531.

9        After the Ninth Circuit determined a petitioner could file a habeas corpus appeal
10   without exhausting state court remedies when there is an excessive delay in those remedies,
11   it outlined a balancing test to determine when delay becomes excessive.  As the Second
12   Circuit had previously done, the Ninth Circuit adopted the four-factor balancing test designed
13   by the Supreme Court for speedy trial issues.    *See Barker v. Wingo*, 407 U.S. 514 (1972).
14   To determine when delay becomes excessive and thus a due process violation, the Ninth
15   Circuit considers: "the [l]ength of delay, the reason for the delay, the defendant's assertion
16   of his right, and prejudice to the defendant."  *Barker*, 407 U.S. at 530 (1972).

17       Before applying the four-factor test to Petitioner's complaint in this case to determine
18   if the tribal court's delay violates due process, an important aspect of *Coe* must first be
19   addressed.  In *Coe* and in the Second Circuit cases cited by the *Coe* Court, the Petitioner
20   always argued a due process violation as the "root" of his habeas corpus petition.  *Coe*, 922
21   F.2d at 530.  The fact that the petitioners in these cases argued a due process violation in the
22   heart of their habeas corpus petitions was significant to the Ninth Circuit in *Coe*.  In its
23   holding, the Ninth Circuit specifically stated in cases of excessive delay a Petitioner did not
24   need to exhaust state court remedies "if the *root* of [Petitioner's] complaint is his inability
25   [to exhaust those state court remedies]."  *Coe*, 922 F.2d at 531 (*emphasis added*).

26       In this case, it is difficult to say whether excessive delay is at the root of Petitioner's
27   complaint.  Petitioner's only claim in his Amended Petition for Habeas Corpus is that his trial
28   and sentencing judge lacked judicial authority at the time of his sentencing.  (Dkt 8).  In his

Response in Opposition to the Motion for Summary Judgment, Petitioner claims his state court remedies are futile, although he does not argue that the futility is a due process violation. (Dkt 48). In arguing the futility of his tribal court remedies, Petitioner points out he is appealing only a *misdemeanor* matter and this misdemeanor matter has been pending for more than three years in the Gila River Court of Appeals. (Dkt 48). It is a close call whether Petitioner asserted a due process violation in his Petition for Habeas Corpus. Based on *Coe* and the Second Circuit cases cited in *Coe*, it is Magistrate Judge Pyle's assessment that Petitioner has not claimed a due process violation. Because the Ninth Circuit emphasized that a due process complaint must be at the "root" of the habeas corpus petition, Magistrate Judge Pyle recommends that the District Court dismiss Petitioner's Habeas Corpus Petition for failure to exhaust tribal court remedies.

If, based on Petitioner's assertions in his Response in Opposition to the Motion for Summary Judgment, the District Court determines Petitioner has asserted a due process claim that is at the root of his habeas corpus petition, then the four factors of *Barker* likely show Petitioner has suffered a due process violation because of excessive delay. Like the petitioner in *Coe*, Petitioner in this case has been waiting for more than three years to have his appeal adjudicated by the Gila River Indian Community Court of Appeals. The Court of Appeals heard oral argument on Petitioner's appeal on September 24, 2003, but has yet to issue a Final Opinion. (Dkt 46, Exhibit 9). A delay of this length weighs substantially in favor of Petitioner. While it is unclear why the delay has occurred with the Gila River Indian Community Court of Appeals, it is evident that Petitioner has not slowed the process. Petitioner has done all that was required of him for the appeal. Oral argument on the appeal was heard on September 24, 2003. (Dkt 46, Exhibit 9). For almost four years now, the Court of Appeals has had the appeal under advisement. The reason, or lack of reason, for the delay also weighs in Petitioner's favor. Additionally, Petitioner has asserted his rights by filing this Habeas Corpus Petition as there is nothing more he can do but wait for a ruling on the tribal appeal. This factor weighs in favor of the Petitioner as well. Finally, it is less clear that the Petitioner is prejudiced in this delay, although a delay of over three years will certainly make

1   Petitioner's defense of this case more difficult in the unlikely event that the Gila River Indian

2   Community is forced to retry Petitioner.  Under the four-factor balancing test, Petitioner has

3   likely suffered a due process violation as a result of the excessive and continuing delay in his

4   tribal court appeals process.

5          If the District Court determines that Petitioner's due process rights have been violated,

6   then the remedy is to release Petitioner from his sentence unless his appeal at the tribal court

7   level is heard within a set amount of time, usually sixty (60) or ninety (90) days.  *Coe*, 922

8   F.2d at 532.  Thus, if the District Court decides Petitioner's due process rights have been

9   violated as a result of excessive delay, it is the recommendation of Magistrate Judge Pyle that

10   the District Court order Petitioner released from his sentence unless the Gila River Indian

11   Community Court of Appeals rules upon Petitioner's appeal within sixty (60) or ninety (90)

12   days as determined by the District Court.

13          If the District Court concludes a due process claim was not at the *root* of Petitioner's

14   Habeas Corpus Petition, then Magistrate Judge Pyle recommends the District Court order that

15   the Petition be dismissed for failure to exhaust tribal court remedies.  If the District Court

16   does not dismiss Petition for these reasons, Magistrate Judge Pyle recommends the District

17   Court grant Respondents' Motion for Summary Judgment for the reasons which follow.

18          3.  Lack of subject matter jurisdiction

19          Under Article III of the United States Constitution, federal courts are courts of limited

20   jurisdiction.  A district court does not have jurisdiction over a habeas corpus petition unless

21   there is an issue arising from federal law.  A district court "shall entertain an application for

22   writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State

23   court only on the ground that he is in custody in violation of *the Constitution or laws or*

24   *treaties of the United States*."  28 U.S.C. § 2254(a) (*emphasis added*).

25          In this case, Petitioner's sole claim in his Habeas Corpus Petition centers upon the

26   judicial authority of a Gila River Indian Community judge pro tempore during her third term

27   of appointment.  Few courts have addressed whether a dispute as to which personnel may

28   exercise tribal judicial authority is a matter of federal law.

1    The Tenth Circuit has held issues of tribal judicial authority are matters of tribal, not

2  federal, law.  *Kaw Nation ex rel. McCauley v. Lujan*, 378 F.3d 1139, 1140-1141 (10th Cir.

3  2004).  In *Kaw Nation*, members and former members of a tribal government council brought

4  an action in federal court claiming three tribal judges were improperly appointed.  378 F.3d

5  at 1140-1141.  The district court dismissed the action for lack of subject matter jurisdiction

6  holding that the issues of the case did not arise from federal law and that the case was

7  essentially an intratribal dispute.  *Kaw Nation*, 378 F.3d at 1142.  On appeal, the Tenth

8  Circuit held that the district court lacked subject matter jurisdiction over the claims.  "Tribal

9  law, not federal law, dictates which personnel may exercise tribal judicial authority."  *Kaw*

10  *Nation*, 378 F.3d at 1143.  The validity of judicial appointments "are governed by tribal

11  rather than federal law.  A dispute over the meaning of tribal law does not 'arise under the

12  Constitution, laws, or treaties of the United States ...'" *Kaw Nation*, 378 F.3d at 1143.

13    In another case, the District of Columbia Court held that a dispute about the validity

14  of Cherokee Nation elections did not involve a federal question to the extent that Plaintiffs'

15  claimed "tribal leaders violated the Cherokee Constitution" because such a question does not

16  arise under federal law.  *Vann v. Kempthorne*, 467 F.Supp.2d 56, 74 (D.D.C. 2006).

17    In the case before this Court, Petitioner's claim that Judge Jackson-Lewis did not have

18  judicial authority to preside over his sentencing is based solely upon Gila River Indian

19  Community law.  The statute in question explicitly allows for judges pro tempore to be

20  appointed twice but it is ambiguous as to whether these judges may be re-appointed to a third

21  term.  The interpretation of this Gila River Indian Community ordinance is the crux of

22  Petitioner's appeal.  He alleges his sentence and conviction are both invalid because Judge

23  Jackson-Lewis allegedly lacked judicial authority since she was in her third term as an

24  appointed judge pro tempore when she sentenced Petitioner.  Whether Gila River Indian

25  Community Ordinance GR-01-97 allows for a third appointment of a judge pro tempore is

26  a matter of interpretation.  The interpretation of this ordinance involves Gila River Indian

27  Community tribal law, not federal law.  Because Petitioner alleges only a lack of judicial

28  authority of the judge presiding over his sentencing as his sole habeas corpus claim, this

Court lacks subject matter jurisdiction. Magistrate Judge Pyle recommends the District Court grant Respondents' Motion for Summary Judgment because there is no federal question in this case as required by 28 U.S.C. § 2254(a).

### CONCLUSION

This Court recommends that Petitioner's Amended Petition for Habeas Corpus be DISMISSED for failure to exhaust tribal court remedies.

In the alternative, this Court recommends that Respondents' Motion for Summary Judgment be GRANTED because the District Court lacks subject matter jurisdiction.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days (10) after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: CV 03-958-PHX-DGC (CRP).

DATED this 4th day of September, 2007.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 10 -