**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Anderson,<br><br>       Petitioner,<br><br>v.<br><br>Al Henson, William Rhodes, Richard Narica, and Gila River Indian Community,<br><br>       Respondents. | No. CV-03-958-PHX-DGC (CRP)<br><br>**ORDER** |

Petitioner David Anderson was convicted of several misdemeanor offenses after a jury trial in the tribal court of the Gila River Indian Community ("Gila River"). His trial and sentencing were presided over by Judge Pro Tempore Charlene Jackson-Lewis. Judge Jackson-Lewis sentenced Petitioner to 180 days in tribal jail and 185 days of probation. Petitioner appealed his conviction and sentence on the ground, among others, that Judge Jackson-Lewis was not properly re-appointed as a judge pro tempore under applicable Gila River law. Petitioner served all but 14 days of his sentence before being released pending appeal.

Petitioner has filed a petition for writ of habeas corpus in this Court. The petition asserts one ground for relief – that Judge Jackson-Lewis was not properly re-appointed and therefore lacked the authority to preside over his case and sentence him. Dkt. ##1, 8.

Respondents Al Henton, William Rhodes, Richard Narcia, and Gila River filed a motion for summary judgment that was briefed and argued before United States Magistrate

1 Judge Charles R. Pyle. Dkt. ##45, 46, 48, 49. On September 4, 2007, Judge Pyle submitted
2 a Report and Recommendation to this Court ("R&R") suggesting that the habeas corpus
3 petition be dismissed for failure to exhaust tribal court remedies and for lack of subject
4 matter jurisdiction. Dkt. # 50. Petitioner filed objections to the R&R on September 21,
5 2007. Dkt. #51. For the reasons set forth below, the Court agrees that the petition should be
6 dismissed.

## I.     Background.

Judge Jackson-Lewis presided over Petitioner's jury trial during the course of her second six-month term as a pro tempore judge for Gila River. Dkt. #50 at 2. Petitioner was sentenced after the judge had been re-appointed to a third term. *Id.* at 2-3. The relevant Gila River ordinance, GR-01-97, states that a judge pro tempore may be re-appointed to a second term of six months, but is silent as to whether the judge may be re-appointed for a third term. Dkt. #46, Ex. 7.

Petitioner claims that Judge Jackson-Lewis "was not a lawful jurist" at the time of trial or sentencing. Dkt. ##1, 8 at 5. Petitioner explains that Judge Jackson-Lewis's "tenure as a lawful judge pro tempore had expired before she presided at my trial and imposed sentence upon me." *Id*. Petitioner further states that he filed a motion for a new trial in the tribal court "based on this issue," and a motion to vacate his sentence pending a new trial, and sought release from custody (which apparently was granted 14 days before the end of his sentence) pending these motions and any subsequent appeals. *Id*.

Petitioner has filed an appeal with the Gila River Court of Appeals. The appeal has been argued but not decided. Petitioner admits that he has not exhausted all available tribal remedies, but asserts that "exhausting . . . tribal court remedies is futile" because Chief Judge Rhodes's has delayed processing of his case. Dkt. #8 at 5. Because the Court concludes that Petitioner's claim is not cognizable in a federal habeas proceeding, the Court need not reach Judge Pyle's recommendation on lack of exhaustion.

/ / /

## II.     Analysis.

There appears to be some confusion concerning the statute under which Petitioner seeks habeas relief. The R&R discusses the petition in the context of 28 U.S.C. § 2254(a), which is not mentioned in the petition and applies only to individuals in state custody. Dkt. #50. Judge Pyle does not explain why he chose to address the petition under this statute. This Court lacks jurisdiction to grant habeas relief under § 2254(a) because that statute is not asserted in the petition and Petitioner is not in state custody. *See White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004) (concluding that § 2254 is an "avenue for a state court prisoner" to contest his detention); *Allen v. Roe*, 305 F.3d 1046, 1049 (9th Cir. 2002) ("A Section 2254 petition may be granted only on the ground that the petitioner is in state custody in violation of federal law.") (citing *Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir.1995)).

The petition and amended petition were filed on a form for claims under 28 U.S.C. § 2241. *See* Dkt. ##1, 8. "Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *White*, 370 F.3d at 1006 (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). As explained below, the petition in this case does not assert that Petitioner was convicted or sentenced in violation of these federal laws. *See* Dkt. ##1, 8.

A third statute, 25 U.S.C. § 1303, permits a person to file a habeas petition in federal court for purposes of "test[ing] the legality of his detention by order of an Indian tribe," but Petitioner did not bring a claim under this statute in either his original or amended petitions. Dkt. ##1, 8. Moreover, even if his *pro se* petitions could be deemed as asserting a claim under § 1303, relief would not be warranted. Section 1303 authorizes habeas corpus relief only when certain federal rights have been violated. Those rights are enumerated in 25 U.S.C. § 1302 and include virtually all of the fundamental constitutional rights normally accorded a criminal defendant, including the right to due process. *See generally Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978) (§ 1303 constitutes a limited waiver of Indian sovereign immunity that permits habeas corpus actions asserting rights set forth in § 1302);

*Trans-Canada Enterprises, Ltd. v. Muckleshoot Indian Tribe*, 634 F.2d 474, 476-77 (9th Cir. 1980) (§ 1303 provides sole remedy for vindicating rights set forth in § 1302). Petitioner, however, does not assert a violation of the rights set forth in § 1302.

The original and amended petitions state only one ground for relief: "Judge Jackson Lous [sic] was not a lawful jurist of the Gila River Tribe at the time she presided at trial and imposed sentence in the present criminal matter." Dkt. ##1, 8. Whether the judge was properly re-appointed under the Gila River ordinance is a matter of tribal law. It requires interpretation of a tribal ordinance, not consideration of federal or constitutional law. *See Kaw Nation ex rel. McCauley v. Lujan,* 378 F.3d 1139, 1143 (10th Cir. 2004) ("Tribal law, not federal law, dictates which personnel may exercise tribal judicial authority," even where "the effects of [a tribal judge's] exercise of judicial authority reach beyond tribal members[.]"). The original and amended petitions do not claim that the re-appointment of Judge Jackson-Lewis violated Petitioner's constitutional rights.[1]

Because Petitioner cannot bring a claim under § 2254 and fails to assert a federal right cognizable under §§ 2241 or 1303, he is not entitled to habeas corpus relief. The Court will therefore accept Judge Pyle's recommendation that the amended petition be dismissed.

**IT IS ORDERED:**

---

[1] Petitioner titles his single ground for habeas relief "unlawful detention." Dkt. #51, Ex. A at 3. His explanation of that ground makes clear that he is arguing that Judge Jackson-Lewis was not properly re-appointed under tribal law. *Id.* at 5. Moreover, a petition for habeas corpus is by its very nature a claim for relief from "unlawful detention." *See, e.g., Wilkinson v. Dotson,* 544 U.S. 74, 79 (2005) ("the writ's history makes clear that it traditionally 'has been accepted as the specific instrument to obtain release from unlawful confinement.'") (brackets omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973)). Thus, the mere fact that Petitioner titled his claim "unlawful detention" does not render it a claim for violation of due process.

Petitioner does argue in his objections to the R&R that he has asserted a due process claim based on the tribal court's delay in deciding his appeal, but that claim cannot be found in either the original or amended petitions. *See* Dkt. ##1, 8. The amended petition does argue that Petitioner's failure to exhaust tribal remedies should be excused as futile due to the delay in processing his tribal appeal, but Petitioner does not assert this delay as a ground for habeas corpus relief. Dkt. #8.

1. The Magistrate Judge's R&R (Dkt. #50) is **accepted** as set forth in this order.
2. Respondents' motion for summary judgment (Dkt. #45) is **granted**.
3. Petitioner's petition for writ of habeas corpus (Dkt. #8) is **dismissed**.

DATED this 28th day of September, 2007.

_____
David G. Campbell
United States District Judge